```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**WILLIAM PETERS,**

        Petitioner,

  vs.                                    Civil Action 2:14-cv-2314
                                                Judge Sargus
                                                Magistrate Judge King

**CYNTHIA MAUSSER,** *et al.,*

        Respondents.

## REPORT AND RECOMMENDATION

Respondents were granted until February 6, 2015 to respond to the *Petition*. *Order*, ECF 4. Respondents actually responded to the *Petition* on that date. *Return of Writ*, ECF 5. Petitioner filed a traverse to the *Return of Writ* on February 21, 2015. *Reply*, ECF 6. This matter is now before the Court on Petitioner's *Motion for the Court to Proceed to Judgment*, ECF 7 ("*Petitioner's Motion*").

*Petitioner's Motion* is based on the incorrect assumption that Respondents have not responded to the *Petition*. Petitioner argues that, because Respondents have made no response to the *Petition*, they have waived all defense to his claims. *Petitioner's Motion*. As the record makes clear, however, Respondents have responded to the *Petition*, and Petitioner has, in turn, responded to the *Return of Writ*.

Under these circumstances, it is **RECOMMENDED** that *Petitioner's Motion*, ECF 7, be denied.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*,

specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

May 12, 2015                                           *s/Norah McCann King*
 (Date)                                                 Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge