IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM PETERS,

    Petitioner,

    v.

CYNTHIA MAUSSER and
ADULT PAROLE AUTHORITY,

    Respondent.

Case No. 2:14-cv-02314
Chief Judge Sargus
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the *Petition*, ECF No. 1, Respondent's *Return of Writ,* ECF No. 5, Petitioner's *Traverse*, ECF No. 6, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the *Petition* be **DISMISSED**.

Petitioner's requests for the appointment of counsel and for an evidentiary hearing, presented in his *Traverse,* are **DENIED**.

Petitioner was convicted, pursuant to the terms of his negotiated plea, on charges of abduction, kidnapping, and rape in the Seneca County Court of Common Pleas.  However, this action does not challenge Petitioner's underlying conviction; rather, it is the Ohio Adult Parole Authority's ("parole board") subsequent denial of Petitioner's release on parole that is at issue in this case.

Since 2006, the parole board has considered and denied Petitioner's release on parole on at least five (5) occasions: *Petition*, PageID# 12, 20, 21, 23, 27.  In November 2013, the parole board continued the matter to November 2015. *Id.* at PageID# 27. Petitioner filed this habeas corpus action on November 17, 2014, alleging that the application of 1996 parole guidelines to

1

deny him release on parole violates the Ex Post Facto Clause.[1] Respondent argues that Petitioner's claim(s) fail to provide a basis for relief and lack merit.[2] This Court concludes that the action must be dismissed, but for a reason not addressed by Respondent.

The record does not establish that Petitioner has exhausted his state court remedies regarding his claim. Before a federal habeas court may grant relief, a state prisoner must exhaust his available state court remedies. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (1993). *See also* 28 U.S.C. § 2254(d)(1). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

"[T]he Ohio Supreme Court has held that a declaratory judgment action is the proper remedy to determine the facial constitutionality or constitutional application of parole guidelines. *Hattie v. Anderson*, 68 Ohio St.3d 232, 235 (1994). *See also Curtis v. Ohio Adult Parole*

---

[1] As summarized by the United States District Court for the Northern District of Ohio:

> On 1 July 1996, Ohio Senate Bill 2 went into effect. Before Senate Bill 2, inmates received an indefinite sentence and the Ohio Adult Parole Authority ("OAPA") determined the amount of time the inmate would serve before being released on parole. Inmates convicted after 1 July 1996 generally received a definite term of incarceration. Because there was no longer a minimum and maximum sentence, there was no need for a parole system for inmates sentenced after Senate Bill 2. Instead, a term of supervised release was added to their sentences.
>
> In response to Senate Bill 2, the OAPA revised the parole guidelines in 1998, and again in 2000, to give a projected release date to those inmates who were convicted prior to 1 July 1996 and who did not get the benefit of a definite sentence. These guidelines assigned a numerical offense category to an inmate based upon the nature of his or her crime, and a risk score based upon several factors including the inmate's criminal record and institutional behavior. The two numbers were then placed on a grid which determined the recommended range of time in terms of the number of months that the inmate should serve before he or she would be considered suitable for parole release ("the guideline range"). The projected release date was set for a period of time within the guideline range. These guidelines were not mandatory and the OAPA had the discretion to depart upward or downward from the guideline score.

*Mubashshir v. Sheldon*, 2012 WL 11134, * 1 (N.D. Ohio Jan. 3, 2012).
[2] Respondent does not address the timeliness of the *Petition*.

2

*Authority*, Case No. 04AP–1214, 2006 WL 23248 (Ohio App. 10 Dist. Jan.5, 2006); *State of Ohio v. Hall*, Case No.2003–T–0114, 2004 WL 2785544 at * 11 (Ohio App. 11 Dist. Dec.6, 2004). Additionally,

> [u]nder Ohio law, a writ of mandamus is available to compel the "performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station," Ohio Revised Code s 2731.01, and Ohio courts have interpreted this language as providing for mandamus relief against the Adult Parole Authority where the Authority has failed to perform an act which it has a clear legal duty to perform. *Swiss v. Ohio Pardon and Parole Commission*, 117 Ohio App. 141, 191 N.E.2d 186 (1963). . . . Ohio courts in other contexts have held that a writ of mandamus will lie to compel a general due process hearing. *State ex rel. Wright v. Morrison*, 80 Ohio App. 135, 75 N.E.2d 106 (1947); *State ex rel. Ruple Bus Service v. Wickliffe Bd. of Education*, 11 Ohio Misc. 127, 229 N.E.2d 762 (C.P.1967).

*Williams v. Perini,* 557 F.2d 1221, 1223 (6th Cir. 1977). Because the record does not indicate that Petitioner pursued either of these avenues of relief, his claim remains unexhausted.

As noted *supra*, Respondent did not address the exhaustion issue in the *Return of Writ*. However, considerations of comity and federalism require a federal habeas court to *sua sponte* review the exhaustion issue. *See Rockwell v. Yukins*, 217 F.3d 421, 423-24 (6th Cir. 2000). *See also Richards v. Money*, 2005 WL 1181856, at *5 (N.D. Ohio May 18, 2005)("It is well settled in the Sixth Circuit that courts may raise and consider *sua sponte* the exhaustion defense). The Court therefore recommends that the action be dismissed, without prejudiced, as unexhausted. Petitioner will have the opportunity to address the exhaustion issue in his objections, if any, to this recommendation.

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED, without prejudice, as unexhausted.**

Petitioner's requests for the appointment of counsel and for an evidentiary hearing, presented in his *Traverse*, are **DENIED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

    *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

December 28, 2015